SWAIN, J.
I dissent. The majority opinion affirms the judgment on the ground that plaintiff was absent from work *Supp. 797 at unspecified times in September, October and November, 1953, without explanation, and that this supports an implied finding that he was discharged for that reason. The record does show (Settled Statement, pp. 1, 2, 20 et seq.) that during September, October and November, 1953, appellant was absent from his duties on many occasions without explaining his absence. However, it does not show that this was a cause of his discharge. The answer alleges only two grounds for the discharge, (1) “that plaintiff was negotiating for the purchase and, in fact, completed the purchase of a plumbing business, which business was in competition with defendant’s business” (Par. II of Second Defense), and (2) that plaintiff “secured information of a confidential nature belonging to defendant for the purpose of using said information when plaintiff was engaged in the operation of his own business” (Par. V of Second Defense). Nowhere does the answer allege that plaintiff was discharged because of unexplained absences in September, October and November. Furthermore, the evidence does show the true cause of discharge, viz. (Settled Statement, pp. 1, 3, 16 et seq.), that defendant learned on November 27, 1953, of plaintiff’s contemplated purchase of the competing business and “. . . on the 28th day of November, 1953, respondent notified appellant that his services were no longer needed or desired because of the fact that he was engaging in activities which interfered with appellant’s ability to work and perform his services for respondent.” Those activities were, obviously, the ones just discovered; absence is not an activity. There is no evidence to support the alleged second ground of defense that plaintiff was discharged because he had secured confidential information. There is evidence (Settled Statement, pp. 1, 2, 27 et seq.) that -“appellant moved from respondents’ place of business a large brief case, the contents of which were not disclosed to respondents” but there is no evidence that the suitcase contained confidential information. The court’s error, in holding that mere negotiations for purchasing the competing business was ground for discharge, was prejudicial. I would reverse the judgment.